FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2014 MAY 14 AM 11:58
CLERK____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR408-315-14
)
DEMETRIUS MARCELLUS GREEN, )
a/k/a DD, )
)
Defendant. )
_____)

## O R D E R

Before the Court is Defendant Demetrius Marcellus Green's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 1468.) In his motion, Defendant requests that the Court reduce his 2010 sentence based on the most recent amendment to the sentencing guidelines—Amendment 750. (Id. at 2-3.) The Government has responded in opposition. (Doc. 1469.)

Amendment 750, which can be applied retroactively via 18 U.S.C. § 3582(c)(2), lowers the applicable guideline range for certain quantities of drugs. In this case, however, Defendant is not simply arguing that Amendment 750 applies retroactively to lower the sentencing range for Defendant's 2010 conviction on one count of conspiracy to possess with intent to distribute, and to distribute, cocaine hydrochloride. Indeed, Amendment 750 does not result in a lower guideline range for Defendant based on

the quantity of drugs the Court attributed to him at his sentencing hearing. Rather, Defendant contends that the Court should revisit that drug quantity, find that Defendant be attributed with a lower amount, apply this quantity to the amended guidelines, and reduce Defendant's sentence accordingly. (Doc. 1468 at 2-3.)

When appealing his 2010 sentence to the Eleventh Circuit Court of Appeals, Defendant argued that this Court incorrectly overestimated the quantity of drugs attributable to him for purposes of sentencing. United States v. Green, 405 F. App'x 402, 403 (11th Cir. 2010). However, the Eleventh Circuit somewhat sidestepped Defendant's argument concerning that drug quantity, concluding that any error by this Court would have been harmless because even the most conservative estimates would not have altered Defendant's guideline sentence.[1] Id. While true in 2010, the presence of Amendment 750 may impact the accuracy of the Eleventh Circuit's conclusion. In other words, any error by this Court in calculating the

---

[1] Defendant conveniently ignores the Eleventh Circuit's rejection of his argument that this Court's reliance on a witness's drug quantity estimates was unreliable. Green, 405 F. App'x at 403 ("We further reject Green's suggestion that [the witnesses's] varying estimates rendered him unreliable."). Regardless, the Court will focus on the Eleventh Circuit's conclusion that any error was harmless for the purpose of ruling on Defendant's motion.

drug quantity may no longer be harmless under Amendment 750. Therefore, Defendant seeks to have this Court revisit its calculation of drug quantity in the context of a motion to reduce sentence under § 3582(c)(2).

The problem with Defendant's argument is that this Court lacks the authority to grant the relief he seeks. In the Eleventh Circuit, it is clear that sentencing courts may not reconsider the quantity of drugs attributed to a Defendant in the context of a motion for reduced sentence under § 3582(c)(2). United States v. Dewitt, 352 F. App'x 348, 351 (11th Cir. 2009) ("[A] § 3582 proceeding does not authorize a court to reconsider original sentencing determinations.") (citing United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (holding that, with the exception of the amended guideline range, "all original sentencing determinations remain unchanged")). However, that is precisely what Defendant seeks with his § 3582 motion. Accordingly, Defendant's motion must be **DENIED**.

SO ORDERED this _14th_ day of May 2014.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA